# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

In re: CICINELLI, THOMAS M § Case No. 15-31063-CAD

§

§

Debtor(s) §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1.  A petition under Chapter 7 of the United States Bankruptcy Code
was filed on September 11, 2015.  The undersigned trustee was appointed on September 11, 2015.

2.  The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3.  All scheduled and known assets of the estate have been reduced to cash, released to
the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned
pursuant to 11 U.S.C. § 554.  An individual estate property record and report showing the
disposition of all property of the estate is attached as **Exhibit A.**

4.  The trustee realized the gross receipts of        $_____25,000.00

Funds were disbursed in the following amounts:

| | |
|---|---:|
| Payments made under an interim distribution | 0.00 |
| Administrative expenses | 0.00 |
| Bank service fees | 82.82 |
| Other payments to creditors | 0.00 |
| Non-estate funds paid to 3rd Parties | 0.00 |
| Exemptions paid to the debtor | 0.00 |
| Other payments to the debtor | 0.00 |

Leaving a balance on hand of [1]        $_____24,917.18

The remaining funds are available for distribution.

5.  Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank
account.

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed.  The interest
earned prior to disbursement will be distributed pro rata to creditors within each priority category.  The trustee may
receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on
account of the disbursement of the additional interest.

**UST Form 101-7-TFR (05/1/2011)**

6.  The deadline for filing  non-governmental claims in this case was 06/17/2016
and the deadline for filing governmental claims was 06/17/2016.  All claims of each class
which will receive a distribution have been examined and any objections to the allowance
of claims have been resolved.  If applicable, a claims analysis, explaining why payment on any
claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is
$3,250.00.  To the extent that additional interest is earned before case closing, the maximum
compensation may increase.

The trustee has received $0.00 as interim compensation and now requests the
sum of $3,250.00, for a total compensation of $3,250.00.[2] In addition, the trustee
received reimbursement for reasonable and necessary expenses in the amount of $0.00
and now requests reimbursement for expenses of $91.09, for total expenses of
$91.09.[2]

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the
foregoing report is true and correct.

Date: 12/08/2016          By:/s/ALEX D. MOGLIA
                              Trustee

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction
Act exemption 5 C.F.R. §1320.4(a)(2) applies.

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph
may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D)

**UST Form 101-7-TFR (05/1/2011)**

Exhibit A

# Form 1

## Individual Estate Property Record and Report
## Asset Cases

Page: 1

**Case Number:** 15-31063-CAD
**Case Name:** CICINELLI, THOMAS M

**Period Ending:** 12/08/16

**Trustee:** (330260)   ALEX D. MOGLIA
**Filed (f) or Converted (c):** 09/11/15 (f)
**§341(a) Meeting Date:** 10/21/15
**Claims Bar Date:** 06/17/16

| Ref. # | 1<br>Asset Description<br>(Scheduled And Unscheduled (u) Property) | 2<br>Petition/<br>Unscheduled<br>Values | 3<br>Estimated Net Value<br>(Value Determined By Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br>Property<br>Abandoned<br>OA=§554(a) | 5<br>Sale/Funds<br>Received by<br>the Estate | 6<br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
|---|---|---|---|---|---|---|
| 1 | Cash<br>Imported from original petition Doc# 1 | 40.00 | 0.00 | | 0.00 | FA |
| 2 | 2 savings accounts for children - guardian only<br>Imported from original petition Doc# 1 | 0.00 | 0.00 | | 0.00 | FA |
| 3 | Checking at Bank of America<br>Imported from original petition Doc# 1 | 1.00 | 0.00 | | 0.00 | FA |
| 4 | Checking at Chase<br>Imported from original petition Doc# 1 | 120.00 | 0.00 | | 0.00 | FA |
| 5 | Checking at Fifth Third Bank<br>Imported from original petition Doc# 1 | 0.00 | 0.00 | | 0.00 | FA |
| 6 | Security Deposit with Lisa Sylvester (landlord)<br>Imported from original petition Doc# 1 | 1,600.00 | 0.00 | | 0.00 | FA |
| 7 | Misc. household goods and furnishings<br>Imported from original petition Doc# 1 | 500.00 | 0.00 | | 0.00 | FA |
| 8 | Necessary clothing<br>Imported from original petition Doc# 1 | 100.00 | 0.00 | | 0.00 | FA |
| 9 | jewelry<br>Imported from original petition Doc# 1 | 500.00 | 0.00 | | 0.00 | FA |
| 10 | Term life insurance issued by Genworth Life and<br>Imported from original petition Doc# 1 | 0.00 | 0.00 | | 0.00 | FA |
| 11 | Term life insurance through employer<br>Imported from original petition Doc# 1 | 0.00 | 0.00 | | 0.00 | FA |
| 12 | 457(b) Deferred Compensation plan<br>Imported from original petition Doc# 1 | 237,048.00 | 0.00 | | 0.00 | FA |
| 13 | Pension through Chicago District Council of Carp<br>Imported from original petition Doc# 1 | 0.00 | 0.00 | | 0.00 | FA |
| 14 | Pension through Cook County<br>Imported from original petition Doc# 1 | 0.00 | 0.00 | | 0.00 | FA |
| 15 | West Bend Insurance claim<br>Imported from original petition Doc# 1 | Unknown | Unknown | | 5,000.00 | FA |
| 16 | 2014 Volkswagen Jetta<br>Imported from original petition Doc# 1 | 18,000.00 | 0.00 | | 0.00 | FA |

Exhibit A

# Form 1

Page: 2

## Individual Estate Property Record and Report
## Asset Cases

**Case Number:** 15-31063-CAD

**Case Name:** CICINELLI, THOMAS M

**Period Ending:** 12/08/16

**Trustee:** (330260)   ALEX D. MOGLIA

**Filed (f) or Converted (c):** 09/11/15 (f)

**§341(a) Meeting Date:** 10/21/15

**Claims Bar Date:** 06/17/16

| Ref. # | 1 <br> Asset Description <br> (Scheduled And Unscheduled (u) Property) | 2 <br> Petition/ <br> Unscheduled <br> Values | 3 <br> Estimated Net Value <br> (Value Determined By Trustee, <br> Less Liens, Exemptions, <br> and Other Costs) | 4 <br> Property <br> Abandoned <br> OA=§554(a) | 5 <br> Sale/Funds <br> Received by <br> the Estate | 6 <br> Asset Fully <br> Administered (FA)/ <br> Gross Value of <br> Remaining Assets |
|---|---|---|---|---|---|---|
| 17 | 1 dog (boxer) <br> Imported from original petition Doc# 1 | 0.00 | 0.00 | | 0.00 | FA |
| 18 | FRAUDULENT TRANSFER LITIGATION V. U. CICINELLI  (u) | Unknown | Unknown | | 20,000.00 | FA |
| **18** | **Assets   Totals** (Excluding unknown values) | **$257,909.00** | **$0.00** | | **$25,000.00** | **$0.00** |

**Major Activities Affecting Case Closing:**

**Initial Projected Date Of Final Report (TFR):**      September 30, 2016          **Current Projected Date Of Final Report (TFR):**      December 31, 2016

Exhibit B

# Form 2

Page: 1

## Cash Receipts And Disbursements Record

| | | |
|---|---|---|
| **Case Number:** | 15-31063-CAD | |
| **Case Name:** | CICINELLI, THOMAS M | |
| **Taxpayer ID #:** | **-***5787 | |
| **Period Ending:** | 12/08/16 | |

| | |
|---|---|
| **Trustee:** | ALEX D. MOGLIA (330260) |
| **Bank Name:** | Rabobank, N.A. |
| **Account:** | ******9966 - Checking Account |
| **Blanket Bond:** | $5,000,000.00  (per case limit) |
| **Separate Bond:** | N/A |

| 1<br>Trans.<br>Date | 2<br>{Ref #} /<br>Check # | 3<br>Paid To / Received From | 4<br>Description of Transaction | T-Code | 5<br>Receipts<br>$ | 6<br>Disbursements<br>$ | 7<br>Checking<br>Account Balance |
|---|---|---|---|---|---|---|---|
| 08/31/16 | {15} | West Bend | settlement | 1129-000 | 5,000.00 | | 5,000.00 |
| 09/27/16 | {18} | Ursula A Cicinelli | settlement | 1241-000 | 20,000.00 | | 25,000.00 |
| 09/30/16 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 10.00 | 24,990.00 |
| 10/31/16 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 34.64 | 24,955.36 |
| 11/30/16 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 38.18 | 24,917.18 |

|  | | |
|---|---|---|
| **ACCOUNT TOTALS** | 25,000.00 | 82.82 | **$24,917.18** |
| Less: Bank Transfers | 0.00 | 0.00 |
| **Subtotal** | 25,000.00 | 82.82 |
| Less: Payments to Debtors | | 0.00 |
| **NET Receipts / Disbursements** | **$25,000.00** | **$82.82** |

| | |
|---|---|
| Net Receipts : | 25,000.00 |
| Net Estate : | $25,000.00 |

| **TOTAL - ALL ACCOUNTS** | Net<br>Receipts | Net<br>Disbursements | Account<br>Balances |
|---|---|---|---|
| **Checking # ******9966** | **25,000.00** | **82.82** | **24,917.18** |
| | **$25,000.00** | **$82.82** | **$24,917.18** |

# Claims Register

## Case:  15-31063-CAD    CICINELLI, THOMAS M

Claims Bar Date:   06/17/16

| Claim Number | Claimant Name / <Category>, Priority | Claim Type/ Date Filed | Claim Ref./ Notes | Amount Filed/ Allowed | Paid to Date | Claim Balance |
|---|---|---|---|---|---|---|
| | CLERK OF THE UNITED STATES BANKRUPTCY COURT 219 S. DEARBORN STREET 7TH FLOOR CHICAGO, IL 60604 <2700-00  Clerk of the Court Costs (includes adversary and other filing fees)>, 200 | Admin Ch. 7 09/11/15 | DEFERRED FILING FEE IN ADVERSARY VS. URSULA CICINELLI | $350.00 $350.00 | $0.00 | $350.00 |
| | SPRINGER BROWN LLC WHEATON EXECUTIVE CENTER 400 S. COUNTY FARM ROAD - SUITE 330 WHEATON, IL 60187 <3210-00  Attorney for Trustee Fees (Other Firm)>, 200 | Admin Ch. 7 09/11/15 | SEE DOCKET NO. 33. | $9,900.50 $9,900.50 | $0.00 | $9,900.50 |
| | SPRINGER BROWN LLC WHEATON EXECUTIVE CENTER 400 S. COUNTY FARM ROAD - SUITE 330 WHEATON, IL 60187 <3220-00  Attorney for Trustee Expenses (Other Firm)>, 200 | Admin Ch. 7 09/11/15 | SEE DOCKET NO. 33. | $78.96 $78.96 | $0.00 | $78.96 |
| | ALEX D. MOGLIA 1325 REMINGTON RD.STE. H SCHAUMBURG, IL 60173 <2100-00  Trustee Compensation>, 200 | Admin Ch. 7 09/11/15 | | $3,250.00 $3,250.00 | $0.00 | $3,250.00 |
| | ALEX D. MOGLIA 1325 REMINGTON RD.STE. H SCHAUMBURG, IL 60173 <2200-00  Trustee Expenses>, 200 | Admin Ch. 7 09/11/15 | | $91.09 $91.09 | $0.00 | $91.09 |
| 1P | Illinois Department of Revenue Bankruptcy Section P.O. Box 64338 Chicago, IL 60664-0338 <5800-00  Claims of Governmental Units>, 570 | Priority 03/22/16 | | $962.00 $962.00 | $0.00 | $962.00 |
| 1U | Illinois Department of Revenue Bankruptcy Section P.O. Box 64338 Chicago, IL 60664-0338 <7100-00  General Unsecured § 726(a)(2)>, 610 | Unsecured 03/22/16 | | $1,797.41 $1,797.41 | $0.00 | $1,797.41 |
| 2 | Capital One Bank (USA), N.A. PO Box 71083 Charlotte, NC 28272-1083 <7100-00  General Unsecured § 726(a)(2)>, 610 | Unsecured 04/07/16 | | $8,398.94 $8,398.94 | $0.00 | $8,398.94 |

# Claims Register

## Case:  15-31063-CAD    CICINELLI, THOMAS M

Claims Bar Date:   06/17/16

| Claim Number | Claimant Name / <Category>, Priority | Claim Type/ Date Filed | Claim Ref./ Notes | Amount Filed/ Allowed | Paid to Date | Claim Balance |
|---|---|---|---|---|---|---|
| 3 | Capital One Bank (USA), N.A. PO Box 71083 Charlotte, NC 28272-1083 <7100-00   General Unsecured § 726(a)(2)>,  610 | Unsecured 04/07/16 | | $1,841.56 $1,841.56 | $0.00 | $1,841.56 |
| 4 | The Stogsdill Law Firm C/O Edgerton & Edgerton 125 Wood Street - PO Box 218 West Chicago, IL 60186 <7100-00   General Unsecured § 726(a)(2)>,  610 | Unsecured 04/12/16 | | $71,213.84 $71,213.84 | $0.00 | $71,213.84 |
| 5 | Mueller & Co., LLP c/o Martin D. Tasch 1001 Warrenville Road, Suite 500 Lisle, IL 60532 <7100-00   General Unsecured § 726(a)(2)>,  610 | Unsecured 04/13/16 | | $16,150.00 $16,150.00 | $0.00 | $16,150.00 |
| 6P | Internal Revenue Service PO Box 7346 Philadelphia, PA 19101-7346 <5800-00   Claims of Governmental Units>,  570 | Priority 05/03/16 | | $54,758.46 $54,758.46 | $0.00 | $54,758.46 |
| 6U | Internal Revenue Service PO Box 7346 Philadelphia, PA 19101-7346 <7100-00   General Unsecured § 726(a)(2)>,  610 | Unsecured 05/03/16 | | $353,962.94 $353,962.94 | $0.00 | $353,962.94 |
| 7 | AMERICAN EXPRESS BANK, FSB C/O BECKET AND LEE LLP PO BOX 3001 MALVERN, PA 19355-0701 <7100-00   General Unsecured § 726(a)(2)>,  610 | Unsecured 05/10/16 | | $41,968.99 $41,968.99 | $0.00 | $41,968.99 |
| 8 | AMERICAN EXPRESS BANK, FSB C/O BECKET AND LEE LLP PO BOX 3001 MALVERN, PA 19355-0701 <7100-00   General Unsecured § 726(a)(2)>,  610 | Unsecured 05/19/16 | | $5,701.40 $5,701.40 | $0.00 | $5,701.40 |
| 9 | LVNV Funding, LLC its successors and assigns as assignee of FNBM, LLC Resurgent Capital Services,PO Box 10587 Greenville, SC 29603-0587 <7100-00   General Unsecured § 726(a)(2)>,  610 | Unsecured 05/25/16 | | $600.85 $600.85 | $0.00 | $600.85 |

# Claims Register

### Case:  15-31063-CAD    CICINELLI, THOMAS M

Claims Bar Date:   06/17/16

| Claim Number | Claimant Name / <Category>, Priority | Claim Type/ Date Filed | Claim Ref./ Notes | Amount Filed/ Allowed | Paid to Date | Claim Balance |
|---|---|---|---|---|---|---|
| 10 | American InfoSource LP as agent for DIRECTV, LLC PO Box 5008 Carol Stream, IL 60197-5008 <7100-00   General Unsecured § 726(a)(2)>,  610 | Unsecured 06/07/16 | | $425.80 $425.80 | $0.00 | $425.80 |
| 11 | FIFTH THIRD BANK PO BOX 9013 ADDISON, TX 75001 <7100-00   General Unsecured § 726(a)(2)>,  610 | Unsecured 06/13/16 | | $597.00 $597.00 | $0.00 | $597.00 |
| | | | **Case Total:** | | **$0.00** | **$572,049.74** |

**TRUSTEE'S PROPOSED DISTRIBUTION**                    Exhibit D

Case No.:  15-31063-CAD
Case Name: CICINELLI, THOMAS M
Trustee Name: ALEX D. MOGLIA

**Balance on hand:**                    $            24,917.18

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|---|
| None | | | | | |

Total to be paid to secured creditors:  $            0.00
Remaining balance:                       $            24,917.18

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee, Fees - ALEX D. MOGLIA | 3,250.00 | 0.00 | 3,250.00 |
| Trustee, Expenses - ALEX D. MOGLIA | 91.09 | 0.00 | 91.09 |
| Attorney for Trustee, Fees - SPRINGER BROWN LLC | 9,900.50 | 0.00 | 9,900.50 |
| Attorney for Trustee, Expenses - SPRINGER BROWN LLC | 78.96 | 0.00 | 78.96 |
| Charges, U.S. Bankruptcy Court | 350.00 | 0.00 | 350.00 |

Total to be paid for chapter 7 administration expenses:  $            13,670.55
Remaining balance:                                        $            11,246.63

Applications for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| None | | | |

Total to be paid for prior chapter administrative expenses:  $            0.00
Remaining balance:                                           $            11,246.63

**UST Form 101-7-TFR (05/1/2011)**

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $55,720.46 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1P | Illinois Department of Revenue Bankruptcy Section | 962.00 | 0.00 | 194.17 |
| 6P | Internal Revenue Service | 54,758.46 | 0.00 | 11,052.46 |

Total to be paid for priority claims:    $        11,246.63
Remaining balance:    $        0.00

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 502,658.73 have been allowed and will be paid _pro rata_ only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1U | Illinois Department of Revenue Bankruptcy Section | 1,797.41 | 0.00 | 0.00 |
| 2 | Capital One Bank (USA), N.A. | 8,398.94 | 0.00 | 0.00 |
| 3 | Capital One Bank (USA), N.A. | 1,841.56 | 0.00 | 0.00 |
| 4 | The Stogsdill Law Firm | 71,213.84 | 0.00 | 0.00 |
| 5 | Mueller & Co., LLP | 16,150.00 | 0.00 | 0.00 |
| 6U | Internal Revenue Service | 353,962.94 | 0.00 | 0.00 |
| 7 | AMERICAN EXPRESS BANK, FSB | 41,968.99 | 0.00 | 0.00 |
| 8 | AMERICAN EXPRESS BANK, FSB | 5,701.40 | 0.00 | 0.00 |
| 9 | LVNV Funding, LLC its successors and assigns as | 600.85 | 0.00 | 0.00 |
| 10 | American InfoSource LP as agent for | 425.80 | 0.00 | 0.00 |
| 11 | FIFTH THIRD BANK | 597.00 | 0.00 | 0.00 |

Total to be paid for timely general unsecured claims:    $        0.00
Remaining balance:    $        0.00

**UST Form 101-7-TFR (05/1/2011)**

Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full.  The tardily filed claim dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

| | | |
|---|---|---|
| Total to be paid for tardy general unsecured claims: | $ | 0.00 |
| Remaining balance: | $ | 0.00 |

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full.  The dividend for subordinated unsecured claims is anticipated to be 0.0 percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

| | | |
|---|---|---|
| Total to be paid for subordinated claims: | $ | 0.00 |
| Remaining balance: | $ | 0.00 |

**UST Form 101-7-TFR (05/1/2011)**